2011 UT App 100

Linda **FRAGOMENO**, Petitioner,

v.

**DEPARTMENT OF WORKFORCE SERVICES, Workforce Appeals Board, Respondent.**

No. 20110017–CA.

Court of Appeals of Utah.

March 31, 2011.

Linda Fragomeno, West Valley City, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Linda Fragomeno petitions for review of the decision of the Workforce Appeals Board (the Board) affirming the denial of unemployment benefits because she voluntarily quit her job. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 Fragomeno asserts that the Board erred in finding that she voluntarily quit her employment. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). Further, this court reviews the Board's determinations regarding voluntariness for abuse of discretion. *See Arrow Legal Solutions Grp., PC v. Workforce Servs.*, 2007 UT App 9, ¶ 6, 156 P.3d 830. Under this standard, this court "will uphold the Board's decision so long as it is within the realm of reasonableness and rationality." *Id.*

¶ 3 There is substantial evidence in the record to support the Board's decision. Although Fragomeno was subject to discipline for being late, both the deli manager and the store manager testified that she would not have been fired. In addition, Fragomeno did not give her employer the opportunity to correct her own assumption that she had been fired. It is undisputed that she refused to discuss the situation with her direct supervisor and instead left the store. She did not return for several days, by which point her employer had concluded that she had abandoned her job. The evidence supports that Fragomeno was the initiating party in her job separation. Accordingly, the Board did not err in finding that Fragomeno voluntarily quit her employment.

¶ 4 Affirmed.[1]

---

1. Fragomeno also asserts that she was constructively discharged. This issue is raised for the first time on review here. Generally, issues not raised in the agency proceeding are waived on

review. *See Esquivel v. Labor Comm'n,* 2000 UT 66, ¶ 34, 7 P.3d 777. Accordingly, this issue is not properly before this court.